IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MARILYN M. NORWOOD**                                                              **PLAINTIFF**

**VS.**                         **4:11CV00465 JMM**

**NORTH LITTLE ROCK POLICE DEPARTMENT**              **DEFENDANT**

### ORDER

Pending is Defendant's motion to dismiss. (Docket # 12). Plaintiff has filed a response. The Court has reviewed the pleadings and finds that Defendant's motion should be GRANTED.

Plaintiff, Marilyn M. Norwood filed her *pro se* complaint against the North Little Rock Police Department on June 7, 2011 alleging that the Police Department violated her civil rights through illegal surveillance, racial profiling, gender bias, religious discrimination and violation of the Americans with Disabilities Act. Plaintiff alleges that from the Fall 2006 to the Spring 2008 she resided with a relative in North Little Rock, Arkansas. During this time, Plaintiff joined a "White American membership" for church services and worship. After which, Plaintiff began to "notice surveillance by the Defendant." Plaintiff alleges that the Defendant used racial profiling. Plaintiff claims that for the past three to four months she communicated with the Defendant addressing various concerns she had with police service. Plaintiff alleges that various officers became irate and falsely arrested and imprisoned the Plaintiff in the Pulaski County Detention Facility. While incarcerated, Plaintiff claims to have suffered chest pains, shortness of breath, weight loss, exhaustion and general decline in health. Plaintiff requests $250,000.00 in damages.

At the direction of the Court, Plaintiff filed an Amended Complaint on August 26, 2011.

Plaintiff's Amended Complaint alleges in part:

>Defendant has stated in a counterclaim that the Plaintiff harassed them without cause by telephone. However, Plaintiff states that Defendant was actually assisting the Little Rock Police Department to harass Plaintiff by making unnecessary or provocative statements on the telephone to which the Plaintiff needed or had to reply. Officer Bibb of the NLRPD personally called the Plaintiff a number of times on her cellular telephone using a "Restricted ID". In one of the telephone calls, Officer Bibb tried to set the Plaintiff up by asking her to come to North Little Rock, Arkansas to the Police Headquarters to file a grievance for a traffic ticket issued by them to Plaintiff quite a number of years ago. Plaintiff refused.
>
>The Defendant's purpose in assisting the Little Rock Police Department in harassing Plaintiff is because she has filed a complaint against the Little Rock Police Department that has been before the U.S. Court of Appeals for the Eighth Circuit (Docket Case Number 11-1961), St. Louis, Missouri. The case is now being prepared for submission to the Supreme Court of the United States in Washington, D.C. Plaintiff believes and knows that both police departments want to humiliate and harass her for making such a complaint against them. Plaintiff believes that the Defendant has set this case scenario up of harassing them to assist the Little Rock Police Department in a lawsuit she has against them.
>
>Plaintiff further realizes that the negative record the police are attempting to create against her could make difficulty for her as a future law student in Arkansas.
>
>Finally, the Plaintiff dialed the Defendant at (501) 758-1234 which is its non-emergency number. The question is does the use of this non-emergency number for the NLRPD, especially by a serious cardiac patient who is half sick and having family problems constitute harassment? Plaintiff believes not. Plaintiff realizes that if she were a White American the telephone calls she made would not even be an issue with the police officers whether they were black or white. A White American could call the police all day sick or well and nothing would be said or done about it. Plaintiff sincerely believes this fact. Plaintiff provided the Defendant with a number of scriptures as well from the King James Version of the Holy Bible including Genesis 3:19; Hebrews 4:12; and Lamentations 3:22-24. Plaintiff's late husband was a called, licensed and ordained African Methodist Episcopal minister.
>
>Calls to the Chief of Police for the City of North Little Rock were met with anger and disrespect. Plaintiff was trying to express to the Chief of Police and staff that

she is a Christian who attends Christ Lutheran Church, 315 South Hughes Street, Little Rock, Arkansas 72205. Plaintiff tried to tell the Chief of Police in North Little Rock, Arkansas that both police departments were harassing her for attending a church with a predominantly White-American membership which is unconstitutional. The former pastor at Christ Lutheran Church, Pastor Paul Biebighauser, is aware of this fact.

In addressing these issues to the Defendant, they became irate and falsely arrested and falsely imprisoned the Plaintiff in the Pulaski County Detention Facility, 3201 West Roosevelt Road, Little Rock, Arkansas 72204. This act of retaliation is unspeakably ignorant and un-Godly.

As previously mentioned in another trial in the North Little Rock District Criminal Court, the Plaintiff has family difficulties. Several family members have exhibited incestuous tendencies toward her.

Plaintiff considers the Defendant to use incarceration as a way to sexually harass and/or sexually assault her. Plaintiff has many times picked up sexual innuendos from both male and female officers of the North Little Rock Police Department. Plaintiff is a former law student and identifies rape as a "forced entrance of the penis into the vaginal area of a female". It can also be defined as a sexual assault by a forceful female upon another female.

Plaintiff sincerely believes this motivation to rape and humiliate a well-educated African American is the thrust of the North Little Rock Police Department to have her falsely imprisoned by them. How in the world can a 63 year old, 180-pound female who is a cardiac patient harass in any way a league of 250-350 pound males and/or females with fully loaded 38-caliber snub-nosed guns, semi-automatic rifles, double barreled shotguns and/or sniffing dogs? Plaintiff states this possibility according to statistics even with substantial error is not possible.

Plaintiff also believes that the Defendant is envious of her desire to return to the UALR-William H. Bowen School of Law, 12th and McMath Avenue, Little Rock, Arkansas. Therefore, Plaintiff would allege negative behavior by Defendant in order to narrow her opportunity to return to her legal studies.

Defendant moves to dismiss Plaintiff's complaint because the only named Defendant, the North Little Rock Police Department, is not a legal entity capable of being sued. Defendant asks the Court to dismiss Plaintiff's complaint and Amended Complaint pursuant to Fed. R. Civ. P.

12(b)(6).

Dismissal is proper where the plaintiff's complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). At this stage of the litigation, the Court must accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 127 S.Ct. 1955, 1964-65 (2007). The plaintiff need not provide specific facts in support of their allegations, *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. *Twombly*, 127 S.Ct. at 1964-65 & n. 3.

The Court must take a plaintiff's well-pleaded allegations as true and grant all reasonable inferences in favor of the plaintiff. *Stufflebeam v. Harris*, 521 F.3d 884, 886 (8th Cir. 2008). This is especially true when the plaintiff is proceeding *pro se*. *See Atkinson v. Bohn*, 91 F.3d 1127, 1128-29 (8th Cir.1996) (per curiam).

Applying this standard, the Court finds that Plaintiff's complaint and amended complaint should be dismissed. Plaintiff's claim against the Department is legally frivolous because it is not a suable entity. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 81 (8th Cir.1992) (departments or subdivisions of local government are "not juridical entities suable as such."). Further, even if Plaintiff were to name the proper governmental official or entity, Plaintiff's complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of Plaintiff's constitutional rights. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690–91 (1978). Finally, Plaintiff's complaint is largely based

4

on her beliefs, conclusions and assumptions. The Court finds that Plaintiff's complaint lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Accordingly, Defendant's motion to dismiss is GRANTED. Plaintiff's complaint and amended complaint are hereby dismissed with prejudice.

IT IS SO ORDERED this 18th day of January, 2012.

_____
James M. Moody
United States District Judge